FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

03 FEB 26 AM 10:20

DOUGLAS S. CARTER

    Plaintiff,

v.

DIAMONDBACK GOLF CLUB, INC.

    Defendant.

_____/

Jury Trial Demanded

Case No.: 8:03cv326-T-27MAP

## COMPLAINT

COMES NOW the Plaintiff, DOUGLAS S. CARTER ("CARTER"), by and through undersigned counsel, and hereby sues the Defendant, DIAMONDBACK GOLF CLUB, INC. ("DIAMONDBACK"), and alleges as follows:

### INTRODUCTION

1.    CARTER alleges a violation of his federal civil rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e, *et. seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and a violation of his State civil rights under the Florida Civil Rights Act ("FCRA"), Chapter 760, Florida Statutes. CARTER alleges that his former employer, DIAMONDBACK, discriminated against him because of his religion.

### JURISDICTION, VENUE, AND PARTIES

2.    Subject matter jurisdiction is founded under 42 U.S.C. § 2000e-(f)(3), 28 U.S.C. §§ 1331 and 1342(a)(3) and (4), and supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Tampa Division of the Middle District of Florida pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because the unlawful employment practices were committed within this judicial district.

4. Plaintiff, CARTER, is an individual *sui juris* residing in Polk County, State of Florida. CARTER is a Jehovah's Witness and a member of a protected class under Title VII. CARTER was employed by DIAMONDBACK at its golf course located at 6501 State Road 544 East, Haines City, Florida 33844.

5. DIAMONDBACK is a non-residential development devoted exclusively to providing an 18-hole golf course. DIAMONDBACK is in the business of providing a golf course, selling golf merchandise in its pro-shop, providing professional golf instruction, and providing on-site restaurant services. DIAMONDBACK is an employer within the meaning of Title VII and the FCRA.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

6. CARTER timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

7. This action is timely filed within ninety days of CARTER'S receipt of his Notice of Right to Sue from the EEOC. (A true and correct copy of the Notice of Right to Sue has been attached hereto as Exhibit A.)

8. All conditions precedent to the filing of this lawsuit have been met or otherwise waived.

## FACTUAL ALLEGATIONS

9. At all times material hereto, CARTER was an employee of DIAMONDBACK. CARTER began working for DIAMONDBACK in March 1998. He was employed as an outside supervisor.

10. As an outside supervisor, CARTER interviewed applicants, made recommendations concerning the hiring and firing of employees, trained new employees, maintained employee work schedules, and supervised golf cart operators and cart maintenance.

11. CARTER was hired and supervised by Lyle Beaver ("Beaver"), the general manager. CARTER was always a good employee for DIAMONDBACK. He worked on average a fifty (50) hour week. He never missed work, nor did he ever refuse to work. CARTER even worked on religious meeting days, Sundays, when asked.

12. CARTER was terminated from his employment on March 1, 2002. For approximately the last year of his employment with Diamondback, CARTER received health benefits, paid vacation, and sick leave.

13. In or around January 2001, Mike Ulrick ("Ulrick"), a DIAMONDBACK employee, replaced Beaver as the general manager. Ulrick became CARTER'S direct supervisor.

14. CARTER never preached at work, and spoke only about his religious beliefs when asked.

15. Before he became general manager, and especially once he was in a supervisory position over him, Ulrick taunted CARTER on a daily basis concerning his religion and religious beliefs.

16. In front of CARTER, Ulrick made derogatory remarks to female employees, and CARTER would respond to Ulrick by telling him, "You should not say such things to women." Mr. Ulrick would then respond, "All you Jehovah's think your morals are better than anyone else's."

17. On a daily basis, Ulrick told "dirty jokes" at work. CARTER felt this behavior was offensive and inappropriate. He would walk away from Ulrick each time he told an offensive or obscene joke. Ulrick would then comment in front of the other employees, "Oh you Jehovah's can't take a joke," and/or "Jehovah's run when someone says something nasty."

18. Prior to his termination, CARTER asked Ulrick to discontinue his offensive jokes in CARTER's presence. Ulrick continued to tell off-color and sexually obscene jokes as a means of taunting CARTER in front of his co-workers. CARTER would tell him that he did not want to hear a "dirty joke." When Ulrick would proceed to tell another joke, Ultrick would tell CARTER that "this one is clean." Ulrick would then proceed to tell an obscene joke. When CARTER would walk away or ask him not to tell those type of jokes, Ulrick would laugh and state, "Jehovah's can't take a joke."

19. On March 1, 2002, Ulrick asked CARTER to speak with him in the office. He asked CARTER to close the door so that no one could hear their conversation. Ulrick then told CARTER, "I've been thinking about this all night and I have talked to Mr. Uhl and Mr. Carnes, and I have to let you go. *Your job is not conducive to your religion.*"

4

20. During this termination meeting, Ulrick continued to repeat to CARTER approximately ten to twelve times the statement, "Your job is not conducive to your religion." During this termination conversation, Ulrick also mentioned the words, "Jehovah's Witness" several times to CARTER. Ulrick also told CARTER that, "You need to get a job so you can preach and take care of your family."

21. During this termination meeting, Ulrick told CARTER that some of the owners of the golf club did not like CARTER. Ulrick told CARTER, "You're a very hard worker, very personable, have compassion for others, and bend over backwards to please the owners. You are the hardest worker we have outside and there is no one better than you."

22. On March 6, 2002, Ulrick telephoned CARTER. In an effort to cover up his discriminatory termination of CARTER, Ulrick told CARTER that he had been terminated for "little things" and it was nothing to worry about. He told CARTER that one of the reasons CARTER had been fired was because of what Ulrick termed, "the Mystic Dunes thing," where business was reciprocated by DIAMONDBACK employees to Mystic Dunes, another golf course. However, CARTER never accepted any money from Mystic Dunes for his referrals. During the telephone conversation, Ulrick admitted to CARTER that all of the employees at DIAMONDBACK reciprocated business to Mystic Dunes. Ulrick asked CARTER to turn in his keys.

23. Subsequent to CARTER'S termination, in or around May 2002, Ulrick terminated Donte Batilla, who is also a Jehovah's Witness. Upon information and belief, during Mr. Battilla's termination meeting, Ulrick informed Batilla that from the time he

5

had taken over as supervisor, he had always planned on getting rid of both CARTER and Batilla, but that he had decided to get rid of CARTER first.

24. Non-Jehovah's Witness employees were treated more favorably than CARTER was, in that they were not subjected to taunting by Ulrick, and were not terminated. Non-Jehovah's Witness employees engaged in the same or similar conduct as CARTER was accused of, in that they also reciprocated business to Mystic Dunes, but they were not fired for doing so. CARTER was treated less favorably than other employees because of his religious beliefs.

## COUNT I
## VIOLATION OF TITLE VII: DISCRIMINATION ON THE BASIS OF RELIGION

25. This is an action against Defendant for discrimination on the basis of religion pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e, *et. seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

26. CARTER realleges and reasserts each and every allegation set forth in paragraphs 1 through 24 above, as if fully set forth herein.

27. As a Jehovah's Witness, CARTER is a member of a protected class.

28. CARTER was qualified for and satisfactorily performed his job.

29. DIAMONDBACK knew that CARTER is a Jehovah's Witness.

30. CARTER suffered an adverse employment action, in that he was discharged.

31. CARTER was treated less favorably than other employees because of his religious beliefs.

32. As a direct, natural, proximate and foreseeable result of Defendant's actions, CARTER has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, humiliation, mental anguish, loss of dignity, and other nonpecuniary losses and intangible injuries.

WHEREFORE, Plaintiff, DOUGLAS S. CARTER demands judgment against Defendant DIAMONDBACK GOLF CLUB, INC., for back pay, front pay in lieu of reinstatement, compensatory damages, prejudgment interest, punitive damages, attorney's fees, costs of this action, and such other relief as this Court deems just and proper.

**COUNT II**
**VIOLATION OF CHAPTER 760, FLORIDA STATUTES: DISCRIMINATION ON THE BASIS OF RELIGION**

33. This is an action against Defendant for discrimination on the basis of religion pursuant to Chapter 760, Florida Statutes.

34. CARTER realleges and reasserts each and every allegation set forth in paragraphs 1 through 24 above, as if fully set forth herein.

35. As a Jehovah's Witness, CARTER is a member of a protected class.

36. CARTER was qualified for and satisfactorily performed his job.

37. DIAMONDBACK knew that CARTER is a Jehovah's Witness.

38. CARTER suffered an adverse employment action, in that he was discharged.

39. CARTER was treated less favorably than other employees because of his religious beliefs.

40. As a direct, natural, proximate and foreseeable result of Defendant's actions, CARTER has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, humiliation, mental anguish, loss of dignity, and other nonpecuniary losses and intangible injuries.

WHEREFORE, Plaintiff, DOUGLAS S. CARTER demands judgment against Defendant DIAMONDBACK GOLF CLUB, INC., for back pay, front pay in lieu of reinstatement, compensatory damages, prejudgment interest, punitive damages, attorney's fees, costs of this action, and such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 24th day of February, 2003.

                              Respectfully submitted,

                              */s/ Lillian Chaves*
                              BERNARD H. DEMPSEY, JR.
                              Florida Bar No. 107697
                              LILLIAN N. CHAVES
                              Florida Bar No. 0365210
                              Dempsey & Sasso
                              390 North Orange Avenue, Suite 2700
                              Orlando, Florida 32801
                              Telephone: 407-422-5166
                              Facsimile: 407-422-8556
                              Attorneys for Plaintiff

EEOC Form 161 (10/96)              U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To:                                                From:

Douglas Carter                                     U. S. Equal Employment Opportunity Commission
909 Red Oak Court                                  Tampa Area Office
Lake Wales, FL 33898                               501 E. Polk Street, Room 1020
                                                   Tampa, Florida 33602

[ ]  On behalf of person(s) aggrieved whose identity is
     CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 150A203541 | David Hamilton | (813) 228-2310 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state) _____

## — NOTICE OF SUIT RIGHTS —
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may pursue this matter further by bringing suit in federal or state court against the respondent(s) named in the charge. **If you decide to sue, you must sue WITHIN 90 DAYS** from your receipt of this Notice. Otherwise your right to sue based on the above-numbered charge will be lost.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.** (If you file suit, please send a copy of your court complaint to this office.)

On behalf of the Commission

_____          11/27/02
         for Manuel Zurita, Area Director               (Date Mailed)

Enclosure
Copy of Charge

cc:

Lillian N. Chaves                    Mike Ulrick
P.O. Box 1749                        Diamondback Golf Club
Orlando, FL 32802                    6501 State Rd. 544 East
                                     haines City, FL 33844

**EXHIBIT A**