UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS S. CARTER,

    Plaintiff,

vs.                                                        Case No. 8:03-CV-326-T-27MAP

DIAMONDBACK GOLF CLUB, INC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiff's Motion for Reasonable Attorneys' Fees and Costs to Which he is Entitled (Dkt. 189) and Defendant's Opposition (Dkts. 200 & 201). This religious discrimination case was tried on a "mixed motive" theory. Although the jury returned a verdict finding that religion was a substantial or motivating factor in Defendant's decision to terminate Plaintiff, it found that Defendant would have made the same decision even if Plaintiff's religion had not been considered. Plaintiff recovered no damages or other relief on his claim. In their motion, Plaintiff's attorneys seek $219,746.75 in fees and $27,532.56 in costs. In light of the lack of success achieved and the facts of the case, Plaintiff is not entitled to recover fees. Accordingly, Plaintiff's motion is DENIED.

In his Amended Complaint, Plaintiff asserted a religious discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and the Florida Civil Rights Act, Chapter 760, Florida Statutes (Dkt. 4). Plaintiff alleged that he "was treated less favorably than other employees because of his

1

religious beliefs" and was terminated on the basis of his religion (Dkt. 4, ¶¶ 31, 39).[1] Defendant filed a motion for summary judgement (Dkt. 21), which Plaintiff opposed (Dkt. 31). Although "mixed motive" was not pleaded in Plaintiff's Amended Complaint, Plaintiff's opposition to the summary judgment motion cited one case involving a mixed-motive claim and made a single reference to Plaintiff's religion as "a motivating factor" in his termination (Dkt. 31). Summary judgment was granted in Defendant's favor (Dkt. 68), and Plaintiff appealed (Dkt. 72).

On appeal, the Eleventh Circuit vacated the summary judgment Order and remanded the case for consideration of Plaintiff's circumstantial evidence of a mixed-motive claim. Following remand, Defendant again moved for summary judgment (Dkt. 97), which Plaintiff opposed (Dkt. 100). Defendant's motion was granted as to all of Plaintiff's claims except the mixed-motive claim (Dkt. 123). The case proceeded to trial solely on that theory of discrimination.

The jury found that religion was a substantial or motivating factor in Defendant's decision to terminate Plaintiff's employment, ruling in favor of Plaintiff on his mixed-motive claim. However, the jury found that Defendant would have made the same decision to terminate Plaintiff even in the absence of consideration of his religion, finding in favor Defendant on its same decision affirmative defense. The jury awarded no damages to Plaintiff. Pursuant to 42 U.S.C. § 2000e-5(g)(2)(B), Plaintiff's recovery was therefore limited to attorney's fees and costs "demonstrated to be directly attributable only to the pursuit of" his mixed-motive claim (Dkt. 180).[2] *See also Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94-95 (2003).

---

[1] In his Amended Complaint, Plaintiff did not allege a mixed-motive theory of discrimination or that religion was a "motivating factor" in Defendant's decision to terminate him (Dkt. 4).

[2] Declaratory and injunctive relief are also available pursuant to the statute, but Plaintiff did not seek such relief in this case. (Dkt. 123, p. 14, n.15).

A favorable jury verdict, standing alone, does not entitle Plaintiff to an award of fees. *Canup v. Chipman-Union, Inc.*, 123 F.3d 1440, 1442 (11th Cir. 1997) *(citing Walker v. Anderson Elec. Connectors*, 944 F.2d 841, 847 (11th Cir.1991), *cert. denied*, 506 U.S. 1078 (1993)). Pursuant to 28 U.S.C. § 20002-5(k), whether a "prevailing party" is entitled to recover fees depends upon whether the party achieved a favorable result "that alters the relationship between the parties." *Id.* (*citing Farrar v. Hobby*, 506 U.S. 103, 111 (1992)). "[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. ... Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement." *Farrar*, 506 U.S. at 111. "[T]he starting point for considering fee requests under § 2000e-5(g)(2)(B) must be the degree of success obtained by the plaintiff." *Canup*, 123 F.3d at 1444. Other considerations in determining entitlement to fees are the egregiousness of the particular discrimination involved, the existence or award of declaratory or injunctive relief, and the plaintiff's wrongdoing or innocence. *Id.* In any case, there is no presumption of entitlement to fees pursuant to § 2000e-5(g)(2)(B). *Id.* at 1443.

Although Plaintiff successfully appealed the summary judgment order, he did not obtain relief on the merits that directly benefitted him at the time of judgment. In other words, by virtue of the "mixed motive" verdict, Plaintiff enjoyed no real success at trial. The jury's verdict did not change the legal relationship between the parties. Plaintiff did not achieve a favorable result, either monetarily, equitably or otherwise. Even considering Plaintiff's subjective feelings, the complained of discrimination in this case was not egregious. *See Canup*, 123 F.3d at 1444. Moreover, the evidence presented at the summary judgment stage and trial established that Plaintiff was not totally innocent and had, in fact, engaged in wrongdoing of his own that resulted in his termination.[3] *See*

---

[3] This was not Plaintiff's first termination (Dkt. 123, p. 3). Plaintiff had been terminated by this employer on a prior occasion for basically the same reasons, poor interaction with Defendant's customers and Plaintiff's co-workers (Dkt. 123, pp. 3-4). After Plaintiff was re-hired, his conduct again prompted numerous complaints from

3

*id.* at 1444 & n.6. For these reasons, and in accordance with 42 U.S.C. § 2000e-5(g)(2)(B) and *Canup*, Plaintiff was not the prevailing party at trial and is not entitled to recover attorney's fees and costs.[4]

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Reasonable Attorneys' Fees and Costs to Which he is Entitled (Dkt. 189) is **DENIED**.

**DONE AND ORDERED** in chambers this ___8th___ day of August, 2006.

*/s/ J. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

---

customers and co-workers (Dkt. 123, pp. 4, 11-12 & n.11). In addition, he had clocked in his son before his son arrived at work, had pocketed fees for extra golf rounds without directing the players to the pro shop and had by his own admission been "greedy" for tips, prompting a customer complaints (Dkt. 123, pp. 4-5). During the termination meeting with his supervisor, when the offending remark about Plaintiff's religion was made, his supervisor explained all of the considerations that lead to Plaintiff's termination, a decision his supervisor testified he regretted having to make (Dkt. 123, pp. 4-7).

[4] "[W]hen a plaintiff's victory is purely technical or *de minimis*, a district court need not go through the usual complexities involved in calculating attorney's fees. *Ante*, at 575 (court need not calculate presumptive fee by determining the number of hours reasonably expended and multiplying it by the reasonable hourly rate; nor must it apply the 12 factors bearing on reasonableness). As a matter of common sense and sound judicial administration, it would be wasteful indeed to require that courts laboriously and mechanically go through those steps when the *de minimis* nature of the victory makes the proper fee immediately obvious. Instead, it is enough for a court to explain why the victory is *de minimis* and announce a sensible decision to 'award low fees or no fees' at all." *Farrar*, 506 U.S. at 117-118 (O'Connor, J., concurring) (*citations omitted*).

Even if Plaintiff were entitled to recover fees and costs, Plaintiff's motion fails to demonstrate or apportion attorney's fees and costs to those "directly attributable only to the pursuit of" his mixed-motive claim. *See* 42 U.S.C. § 2000e-5(g)(2)(B).